# EXHIBIT

# “A”

| Rhea County Chancery Court<br>1475 Market St Room 301<br>Dayton, TN 37321<br>(423)775-7806 | STATE OF TENNESSEE<br>CIVIL SUMMONS<br>page 1 of 2 | Case Number<br>72CH1-2016-CV-11000 |
|---|---|---|

**Ruth N. Reed vs Select Portfolio Servicing, Inc.**

Served On:

| Select Portfolio Servicing, Inc. | c/o Corporation Service Company VIA: Davidson County Sheriff's Department<br>2908 Poston Avenue<br>Nashville, TN 37203 |
|---|---|

You are hereby summoned to defend a civil action filed against you in Rhea County Chancery Court, Rhea County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the required date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 6/20/2016

John Fine / [signature]
Clerk / Deputy Clerk - Rhea County Chancery Court

Attorney for Plaintiff: Peter C. Ensign
6111 Shallowford Road, Suite 105C, Chattanooga, TN 37421

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA §26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to execute it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to John E. Fine, Rhea County Chancery Court Clerk, Rhea County
1475 Market St Room 301
Dayton, TN 37321

## CERTIFICATION (IF APPLICABLE)

I, John E. Fine, Rhea County Chancery Court Clerk of Rhea County do certify this to be a true and correct copy of the original summons issued in this case.

Date: **06/20/2016**

**John Fine /** [signature]
Clerk / Deputy Clerk – Rhea County Chancery Court

OFFICER'S RETURN: Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows:

Date: ______________________ By: ______________________

RETURN ON SERVICE OF SUMMONS BY MAIL: I hereby certify and return that on ______________________, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant ______________________. On ______________________ I received the return receipt, which had been signed by ______________________ on ______________________. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: ______________________

______________________
Notary Public / Deputy Clerk (Comm. Expires ______________________)

______________________
Signature of Plaintiff

______________________
Plaintiff's Attorney (or Person Authorized to Serve Process)

**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call John Fine, ADA Coordinator, at (423)775-7806*

*Rev. 8/05/10*

**IN THE CHANCERY COURT**
**FOR RHEA COUNTY, TENNESSEE**

| | | |
|---|---|---|
| RUTH N. REED<br>Plaintiff,<br><br>v.<br><br>Select Portfolio Servicing, Inc.,<br>Defendant. | (<br>(<br>(<br>(<br>(<br>(<br>(<br>(<br>( | 16-CV-11000<br><br>Case No.<br>**Jury Demand**<br><br>FILED<br>JUN 20 2016 10:01 Am<br>JOHN E. FINE<br>CLERK & MASTER |

COMPLAINT

COMES now your Plaintiff, Ruth N. Reed (herein "Ms. Reed" or "Plaintiff") by and through counsel, and for her Complaint against Defendant SPS Loan Servicing ("SPS" or "Defendant") would show this Court as follows:

PARTIES AND JURISDICTION

1. Plaintiff is a resident of Tennessee and has as her principal place of residence 1127 Dillman Lane, Spring City, Tennessee 37381 (herein "the property").
2. Select Portfolio Servicing, Inc. (herein "SPS") is a foreign corporations doing business in Rhea County, Tennessee.
3. This Court has jurisdiction over the subject matter of this litigation pursuant to Tennessee Code Annotated § 16-11-101 and 102(a).
4. Venue is proper for this Court pursuant to Tennessee Code Annotated § 16-11-114 and 20-40-101.

## BACKGROUND

5. Plaintiff executed a Deed of Trust dated June 1, 2010, in favor of Amsouth Bank., in the original principal amount of $145,520.00.
6. Regions Bank bought the assets of Amsouth Bank and Plaintiff continued to make her payments to Regions Bank.
7. At the time of the execution of the Note and Deed of Trust and at all times thereafter, Plaintiff was deaf and mute.
8. At some point in 2015, Regions Bank allegedly transferred the servicing rights to Plaintiff's loan to SPS.
9. Unfortunately, neither company informed Plaintiff of this change and she continued to make her payments to Regions Bank.
10. Thereafter, Regions Bank did return multiple payments to Ms. Reed; however, SPS never credited these payments and Ms. Reed's account was marked as delinquent.
11. Upon information and belief, SPS never communicated with Ms. Reed to explain to her why she was behind or what loss mitigation options might be available to her (including, but not limited to, correcting the servicing errors and applying the refund checks to her account).
12. At some point, SPS referred Ms. Reed's loan for foreclosure; however, Ms. Reed has no Notice of Default or Notice of Intent to Foreclose in her possession. Further, Ms. Reed is not aware that any non-judicial foreclosure sale of her property was ever published.
13. A non-judicial foreclosure sale of Ms. Reed's home allegedly was held on April 28, 2016.

14. SPS failed to complete the required "Ability to Repay" and "Qualified Mortgage Standards" review called for by 12 CFR 1026.43.

15. SPS's failure to complete the required reviews acts as a bar to foreclosure and subjects Defendant to individual liability. *See State Nat. Bank of Big Spring v. Lew*, 958 F.Supp. 127, 149 (Dist. D.C. 2013).

16. Plaintiff qualified for loss mitigation, even under SPS's guidelines, but SPS failed to properly inform her of her right to loss mitigation or ever review her for a loan modification.

17. Despite its failure to property review Ms. Brown's request for loss mitigation, SPS proceeded with a non-judicial foreclosure sale of her home..

COUNT ONE-VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff is a consumer as the term is defined in 15 USC §1692(a)(1).

19. Mortgage loans are debts as defined in 15 USC §1692(a)(5).

20. Defendant SPS is a debt collector as the term is defined in 15 USC §1692(a)(6).

21. Defendant SPS used false, deceptive and/or misleading statements in foreclosing on Plaintiff in violation of 15 USC §1692(e).

22. Defendant SPS's conduct constitutes an unfair and/or unconscionable act in the collection of a debt in violation of 15 USC §1692(f).

23. Defendant SPS's violations of the Act are the proximate cause of Plaintiff's injury: to-wit, the foreclosure of her property, the threatened eviction, and the emotional distress associated therewith.

24. Plaintiff has suffered damages as a direct result of this breach, including, but not limited to, emotional distress, harm to her credit rating, and legal fees and cost.

COUNT TWO– VIOLATION OF CONSUMER FINANCIAL PROTECTION ACT

25. Defendant violated the explicit terms of the Consumer Financial Protection Act ("CFPA") in the following particulars:

a. CFPA requires servicers to inform borrowers of their rights to loss mitigation before proceeding with foreclosures and SPS failed to do so

b. 12 CFR 1024.41(a) provides borrowers (or their successors) the right to enforce the provisions of the CFPA which rights.

26. SPS's failure to comply with the provisions of the CFPA directly caused all the damages of which Plaintiff complains; to-wit, the foreclosure of her home, the potential eviction from her home, and the emotional distress associated therewith.

COUNT THREE – WRONGFUL FORECLOSURE

27. A non-judicial foreclosure sale must conform to the statutory requirements set forth in T.C.A. §35-5-101, *et seq.*, and the Tennessee Constitution. The Tennessee Constitution Article 1 §8 prohibits any man (or woman) from being "disseized of [her] freehold" without due process of law.

28. Compliance with the requirements of the Consumer Financial Protection Act ("CFPA") are a prerequisite to performing a non-judicial foreclosure.

29. Defendant SPS failed to comply with the terms of the CFPA by refusing to evaluate the borrower's request for loss mitigation relief.

30. Because Defendant SPS failed to comply with the terms of the CFPA Defendants had no right to proceed with a non-judicial foreclosure auction of the property, such "sale" is void, and must be rescinded by this Court.

31. The Defendant SPS's actions in wrongfully foreclosing on Plaintiff's home have caused severe damages, including but not limited to, emotional distress, damage to her credit rating, and the threatened eviction from her home; and, Defendant BOA is liable to Plaintiff for such damages.

WHEREFORE, Plaintiff prays the following:

1. That proper process issue and be served upon the Defendant and that defendants be required to answer this Complaint within the time required by law.
2. That Plaintiff be given judgment against Defendant.
3. That cost of this action be taxed to the Defendant.
4. Such other and further relief to which Plaintiff may be entitled.
5. That an injunction be issued preventing Defendant or its agents from further foreclosure and eviction actions against Plaintiff's home.

Respectfully submitted,

Peter C. Ensign BPR # 017071
6111 Shallowford Road, Suite 105C
Chattanooga, TN 37421
423-510-0410
ensign@ensignlegal.com